IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMUNDO BANOS DELACRUZ, #48718-711, Petitioner, | § § § § | |
| v. | § § | CIVIL NO. 3:16-CV-1686-B-BK (Criminal No. 3:14-CR-435-B-1) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be summarily **DISMISSED AS MOOT**.

In 2014, Petitioner pled guilty to unlawfully possessing a firearm as an alien, and on May 22, 2015, was sentenced to 33 months' imprisonment. Crim. Doc. 35. He did not appeal, but on June 22, 2016, filed a *pro se* motion to modify and reduce sentence based on the holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015).[1] Doc. 3. In light of his *pro se* status, the Court construed the motion to seek relief under 28 U.S.C. § 2255, and Petitioner subsequently filed an amended section 2255 motion on the court approved form, challenging his sentence. Doc. 1; Doc. 4.

It has come to the Court's attention that in December 2016, Petitioner was released from

---

[1] The Supreme Court found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

custody and presumably deported to Mexico.² Movant has had no contact with the Court since the filing of his July 2016 amended motion. Nor has he informed the Clerk of his current address.

When a petitioner's section 2255 motion challenges the underlying conviction, his release from custody does not moot the request because a conviction carries collateral consequences that persist even after release. *United States v. Camargo*, 119 F. App'x 670, 671 (5th Cir. 2005) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). However, when a petitioner does not challenge his conviction, to satisfy the "personal stake" requirement he must affirmatively allege and demonstrate "continuing collateral consequences." *Spencer*, 523 U.S. at 8; *see also United States v. McConnel*, 488 F. App'x 291, 293 (10th Cir. 2012) (finding moot section 2255 motion that challenged sentence because petitioner had failed to meet burden of establishing continuing collateral consequences); *Martinez-Tapia v. United States*, No. 7:13-CR-1409, 2017 WL 1426612, at *1-2 (S.D. Tex. Apr. 21, 2017) (same).

Although he has since been released, Petitioner satisfied the in-custody requirement when he filed his motion to vacate sentence under 28 U.S.C. § 2255.³ However, Petitioner's section 2255 motion does not challenge his conviction, and only raises grounds related to his sentence. Specifically, Petitioner attacks his sentence under *Johnson* and *Welch*, and claims his total offense level should have been reduced by six levels because he possessed the firearms at issue

---

² The presentence report noted that Petitioner was deportable because (1) he was an alien and citizen of Mexico, and (2) he had been convicted of a felony offense. Crim. Doc. 29-1 at 13, PSR ¶ 67.
³ 28 U.S.C. § 2255 provides that a "prisoner *in custody*" who claims that his "sentence was imposed in violation of the Constitution or laws of the United States ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

for lawful sporting purposes under U.S.S.G. § 2K2.1(b)(2). *See* Doc. 1 at 1; Doc. 4 at 5. Nowhere in his motion to vacate does Petitioner affirmatively allege, or otherwise show, any collateral consequence that would follow upon his release from prison. Because Petitioner does not attack his conviction and does not allege, much less demonstrate, any continuing collateral consequence, his subsequent release from prison renders his claims moot and this action should, thus, be dismissed. *See McConnel*, 488 F. App'x at 293; *Martinez-Tapia*, 2017 WL 1426612, at *1-2.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be **DISMISSED AS MOOT**.

**SIGNED** October 30, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE